---

## In re BROWNELL'S ESTATE.

### (Surrogate's Court, Chautauqua County. November 23, 1888.)

1. WILLS—CONSTRUCTION—INTEREST ON LEGACY.

Testatrix declared that the payment of interest on a legacy to her daughter, who at the date of the will was 17, and at the death of testatrix 23 years of age, should commence when she should arrive at the age of 21 years. The only property out of which it could be paid was realty devised subject to its payment, and to the payment of a legacy to a minor son at his majority, without interest. Provision was made for the payment of the legacies in case of non-acceptance by the devisee. The provision for the daughter, with interest from her majority, would about equal that for the son. *Held*, that the daughter was entitled to interest from the time she became 21 years of age.

2. SAME—COMPOUND INTEREST.

The daughter is not entitled to interest from the death of the testatrix on the interest which accrued previously.

On accounting by William O. Brownell, as executor of Armenia M. Brownell, deceased.

*Frank W. Stevens,* for executor. *Obed Edson,* for legatee.

SHERMAN, S. The only question submitted for decision arising upon the judicial settlement of the accounts of the executor is whether the testatrix intended by her will to give to her infant married daughter, Louisa M. Scofield,

interest on a legacy of $2,200 to her, commencing when she should be 21 years old; the daughter being of age about two and one-half years before the testatrix died. The will bears date October 6, 1877. The testatrix was then 41 years old. She died November 12, 1883. At the time of making her will she had three minor children, her only heirs at law by her husband, William O. Brownell, the executor, who were then of the ages of 19, 17, and 12 years, respectively. She then, and at her death, owned three parcels of land,—one of 50 acres, and the other two containing 88½ acres; and owned no other property. She devised the 50 acres to her son Earl, then 19 years old, on the condition that he should pay to her other son, George, then 12 years old, $800, when he should arrive at the age of 21 years, which sum has been paid. The other 88½ acres she devised to her husband, William O. Brownell, her executor, on the condition that he should pay to her said son George, then 12 years old, $2,000, when he should be 21 years old; also upon the further condition, substantially, that her executor should pay to her married daughter, said Louisa M. Scofield, then aged 17 years, $2,200, and interest thereon, to commence when she should arrive at the age of 21 years, being April 17, 1881, and being about two and one-half years before her said mother, the testatrix, died, as more fully appears by the second and third clauses of the will, the material parts of which are here cited at length, to show the full context of the will bearing upon the question involved, as follows: "*Second.* I give and bequeath to my daughter, Louisa M. Scofield, the use of $2,200; the interest thereof to be used for the personal benefit of my said daughter, and in no event to be used for any debts contracted or to be contracted by her husband, Erie M. Scofield, said payment of interest to commence when my said daughter shall arrive at the age of twenty-one years, and to continue annually, during the term of her life. If, in the judgment of my executor hereinafter appointed, he should deem it for the best interest of my said daughter to use the said principal sum of $2,200, or any part of the same, for the purpose of procuring her a home, or for any other purpose he may think proper for her benefit, I direct him, in his discretion, to do so. After the death of my said executor, should my said daughter be living, I direct that she may use the said principal sum of $2,200, or such part of the same as may not be used and expended by her, for her own benefit,—the remainder, should she have heirs, to go to them, and, should she die without heirs, I direct the balance, if any there shall remain, to go to my sons Earl W. and George G., or their heirs, share and share alike. *Third.* I give and devise to my husband, William O. Brownell, the seventy acres of land, * * * to have and to hold to him and his heirs, forever on the condition that he shall pay my son George G. Brownell the sum of $2,000 when he shall arrive at the age of twenty-one years, and shall pay to my daughter Louisa M. Scofield, or her heirs, the sum of $2,200, the same as directed, that it shall be used or paid to my said daughter, in the second clause of my will. I also give and devise to my said husband the eighteen and one-half acres of land I now own. * * * This devise subject to the same conditions as in the devise of the seventy acres, before mentioned. In the event that my said husband shall not accept the terms of this my last will and testament, and pay the said sum of $2,000 to my son George G., and sum of $2,200 to my daughter Louisa M. Scofield, as before directed, I give and bequeath to my son George G. Brownell the sum of $2,000, and to my daughter Louisa M. Scofield the sum of $2,200, to be paid out of any property I may own at my decease, not otherwise disposed of in this my last will and testament."

The only property owned by the testatrix at the time of making her will and at her death, out of which said two last-named legacies of $2,000 and $2,200 could have been paid, as above provided, was the said two parcels of land, containing 88½ acres. By the fourth clause of her will the testatrix appointed her said husband, William O. Brownell, executor thereof with

full power and authority to deed and convey her real estate, and to do all other things necessary and proper to settle her estate, and carry out her intentions, as by her will expressed therein. The will was probated December 3, 1883, and the executor qualified on that day. The testatrix owned no personal property at the time of making her will or at the time of her death, and owned no other real estate except the three parcels above mentioned. I think it evident from the terms of her will that she did not expect long to live. She died six years and one month after making it, of the age of 47 years. The devise of the 50 acres to her son Earl vested the title in him on the probate of the will, December 3, 1883, when he was of full age, and was conditioned only that he should pay her son George $800, without interest, when of full age. George became of age in 1886, nine years after the date of the will, and three years after the death of the testatrix. The other legacy of $2,000 to George, was, also, by the will, to be paid to him when of age, without interest, by the executor. Both of these legacies, amounting to $2,800, have been paid; also the principal of the $2,200 of the legacy to Louisa, with interest thereon from the death of the testatrix, has been paid by the executor. By the terms of the will the legacies to George and Louisa were made nearly equal in value, by allowing interest on the one to Louisa commencing when of age, and it is a fair presumption that the testatrix expected that George's father, the executor, would support him until of age. Louisa was married, and had a husband to support her. The will having been probated, it must be held that the testatrix was of sound and disposing mind when making it; that she knew the value of the three parcels of land, and had determined in her own mind the proportionate share of the property she desired to give to each of her three minor children; and, in giving construction to her will, her intentions are to be first considered and conserved. After giving, by the second clause of her will, the use of the $2,200 to Louisa, and providing that no part of the interest thereof should be used to pay any debts of Louisa's husband, the testatrix declares: "Said payment of the interest to commence when my said daughter shall arrive at the age of twenty-one years, and to continue annually during the term of her life;" thus making such interest a part of the legacy itself. Could the testatrix have used words more specific in expressing her intent as to the time when the interest should commence? She provided for the possible contingency, by reason of her living at an advanced age, that the interest on the $2,200 might become so large in amount at her death that her husband would not elect to accept the devises to him of the 88½ acres of land, and pay such interest and legacies mentioned; in which event she directed him to sell it, and from the proceeds to pay George $2,000 and Louisa $2,200, knowing that until her death she could give the use or rents and profits of the land to George and Louisa, as she might wish, or change her will. I am of the opinion that the testatrix intended by her will that the interest on the legacy of $2,200 should commence at the day that Louisa would be of age,—being April 17, 1881,—and the will is so construed. Such interest from April 17, 1881, to the death of the testatrix, November 12, 1883, amounts to $339.16. It is claimed that interest should be allowed on the $339.16 from November 12, 1883, to the date of the decree giving construction to the will. The claim is disallowed. I do not think that interest upon interest should be allowed in this case, any more than it would have been if this interest had been paid by the executor when he paid the principal and other interest accruing after November 12, 1883. Costs not allowed to either party.